Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Steven Meraz

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Steven Meraz**, an Arizona resident, | **Case No.** |
| Plaintiff, | |
| v. | |
| **Rollit Motors, Inc.,** an Arizona corporation, and **Michael Kilmer**, an Arizona resident, | **VERIFIED COMPLAINT** |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Steven Meraz, for his Verified Complaint against Defendants, hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the

FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

5. At all relevant times to the matters alleged herein, Plaintiff Steven Meraz resided in the District of Arizona.

6. Plaintiff was a full-time employee of Defendants from in or around April of 2014 until on or about April of 2015.

7. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

8. Rollit Motors, Inc. is an Arizona corporation, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

9. Defendant Michael Kilmer is an Arizona resident. He has directly caused events to take place giving rise to this action. Michael Kilmer is the owner of Rollit Motors, Inc.

10. Under the FLSA, Defendant Michael Kilmer is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Michael Kilmer is the owner of Rollit

Motors, Inc. He determined the method and rate of Plaintiff's payment of wages. As a person who acted in the interest of Rollit Motors, Inc. in relation to the company's employees, Michael Kilmer is subject to individual and personal liability under the FLSA.

11. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

12. Defendants, and each of them, are sued in both their individual and corporate capacities.

13. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

14. Defendant Rollit Motors, Inc. is an auto dealership that involves the sale of used vehicles.

15. On or around April 2014, Plaintiff began employment with Defendants as a Lot Attendant.

16. From April 2014 until April 2015, Plaintiff was paid a rate between $10.00-$11.00 per hour.

17. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

18. Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for his overtime hours.

19. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required him to work overtime as a condition of his employment.

20. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

21. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

22. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

23. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

24. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

25. Plaintiff was an employee entitled to the statutorily mandated overtime wages.

26. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

27. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

28. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

29. Defendants' actions in failing to compensate Plaintiff, in violation of the

FLSA, were willful. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages. Defendants knew their failure to pay overtime wages were a violation of the FLSA.

30. Defendants have not made a good faith effort to comply with the FLSA.

31. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED May 12, 2017.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 213
Scottsdale, AZ 85260
Attorneys for Plaintiff Steven Meraz

## VERIFICATION

Plaintiff Steven Meraz declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.



Steven Meraz