"Exhibit A"

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Agreement") is entered into by and between Steven Meraz ("Employee"), on the one hand, and Rollit Motors, Inc. and Michael Kilmer ("Company"), on the other. For the purposes of this Agreement, Employee and Company are collectively referred to as the "Parties".

## RECITALS

WHEREAS Employee is a former Rollit Motors, Inc. employee and the named Plaintiff in the lawsuit styled, *Steven Meraz v. Rollit Motors, Inc., et al.*, No. 2:17-cv-01463-DGC (the "Lawsuit") pending before the Honorable David G. Campbell in the United States District Court for the District of Arizona (the "Court").

WHEREAS Employee has asserted in the Lawsuit claims for unpaid overtime in violation of the Fair Labor Standards Act ("FLSA") and Employer has asserted as a defense to these claims that they are barred by the applicable statute of limitations.

WHEREAS the Parties intend to fully, completely, and finally resolve and settle all claims that Employee may have against the Company, including those in the Lawsuit, according to the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the above recitals and the mutual promises, covenants, obligations, and understandings set forth below, the Parties hereby agree as follows:

1. **Definitions**. For the purpose of this entire Agreement, the term "Company" includes Rollit Motors, Inc., Michael Kilmer and, to the extent applicable, as direct, intended third party beneficiaries hereof, all past, present, and future officers, employees, trustees, administrators, fiduciaries, attorneys, insurers, heirs, and assigns, jointly and severally (collectively, the "Released Parties"). For the purpose of this entire Agreement, the term "Employee" shall include Steven Meraz and his heirs, agents, and assigns.

2. **Settlement Payment**. In exchange for Employee's promise to abide by all the terms and conditions of this Agreement, and in exchange for his release of claims, the Company will pay Employee a lump sum amount of $2,772.00 (the "Settlement Payment"). The Settlement Payment will be paid to Employee within fourteen (14) days following the date the Court enters an order approving the Parties' settlement and approving this Settlement Agreement including each provision herein.

Employee will provide the Company with any and all necessary documentation to complete the Settlement Payment, such as IRS Form W-9. Employee acknowledges that he is solely responsible for any tax liability resulting from the Settlement Payment or any portion thereof. Employee agrees to defend, indemnify, and hold Company harmless from any demands, assessments, liens, or other claims from any governmental unit for tax payments related to the Settlement Payment that are deemed his responsibility, including all costs, attorneys' fees, interest, penalties or taxes incurred by Company in responding to such claims.

3. **Attorneys' Fees and Costs**. In addition to the Settlement Payment above, in exchange for Employee's promise to abide by all the terms and conditions of this Agreement, and in exchange for his release of claims, a payment of $2,798.00 shall be made to The Zoldan Law Group PLLC and is inclusive of all of Employee's claims for attorneys' fees and costs. The Zoldan Law Group PLLC shall provide the Company with all necessary documentation to complete this payment, such as IRS Form W-9. This payment shall be made within fourteen (14) days following the date the Court enters an order approving the Parties' settlement and approving this Settlement Agreement including each provision herein.

4. **Payment of Salary and Receipt of All Benefits.** Employee acknowledges and represents that, after Employee receives the Settlement Payment described above, Employee is not owed any additional benefits and compensation from the Company through the date Employee signs this Agreement.

5. **Release of Claims**. In exchange for the Settlement Payment, Employee releases, waives and forever discharges Company and its directors, officers, employees, attorneys and related entities (the "Released Parties") from any and all claims or causes of action, whether known or unknown, including Employees' claims for wages and overtime under the FLSA, as alleged in the Lawsuit. Employee agrees to take all steps necessary to effect the dismissal of the Lawsuit, including dismissal of Employee's claims with prejudice.

6. **Acknowledgments**. Employee acknowledges that each of the following statements are true and accurate:

   a. Employee would not have been entitled to receive the Settlement Payment set forth in Section 2 above had Employee rejected this Agreement;

   b. Employee has carefully read this entire Agreement and understands all the terms of this Agreement;

   c. Employee has not relied on any oral or written statements that are not set forth in this Agreement in determining whether to enter into this Agreement;

   d. Employee will receive adequate consideration in return for the promises made in this Agreement; and

   e. Employee has freely, voluntarily, and knowingly entered into this Agreement.

7. **Non-Disclosure**. Employee agrees to keep the existence and terms of this Agreement, and the negotiations leading up to this Agreement, confidential and to make no disclosure of the terms of the Parties' settlement except to immediate family members, as required by law, or as necessary to obtain legal or financial advice. If asked, Employee will say only that the matter has been settled and that the settlement is confidential.

8. **Prior Agreements**. The Parties acknowledge that they have carefully read this Agreement, have voluntarily entered into it, and understand its contents and its binding legal effect. The Parties further acknowledge and agree that this Agreement represents the entire agreement between them and supersedes any and all other oral or written agreements that may exist between them.

9. **Future Employment**. Employee agrees not to apply for or accept any position with the Company, or any affiliated entity, now or in the future.

10. **Non-Liability**. This Agreement is not an admission or evidence of fault, wrongdoing or liability by the Company, nor should it be construed as such, but instead reflects the desire of the Parties to resolve the Released Claims fairly and amicably.

11. **Governing Law and Forum**. This Agreement shall be governed by and interpreted in accordance with the substantive law of the State of Arizona as it governs transactions occurring wholly within Arizona. Any action or dispute arising out of, or in any way related to, this Agreement, or the interpretation and/or application of this Agreement, must be brought in Maricopa County, Arizona.

12. **Remedies for Breach**. A breach of any provision of this Agreement may give rise to a legal action. If Employee breaches any provision of this Agreement, in addition to any other available remedies, Company may recover all amounts paid to Employee under this Agreement. The prevailing party in any action based on a breach of this Agreement will be entitled to recover its costs and actual attorneys' fees incurred in any litigation relating to or arising out of this Agreement.

13. **Counterparts**. This Agreement may be executed by the Parties in one or more counterparts, including faxed, scanned or emailed copies. All such fully-executed counterparts shall be treated as originals of this Agreement.

**Please read this Agreement carefully, it contains a RELEASE of all known and unknown claims.**

Agreed and accepted:

**Rollit Motors, Inc.**                                            **Steven Meraz**

By:_____                           _____
                                                                                Sign

Its:_____                            _____STEVEN MERIZ_____
                                                                                Print Name

Date:_____                            Date:___11/8/17___

**Michael Kilmer, Individually**

_____
Sign

_____
Print Name

Date:_____

remedies, Company may recover all amounts paid to Employee under this Agreement. The prevailing party in any action based on a breach of this Agreement will be entitled to recover its costs and actual attorneys' fees incurred in any litigation relating to or arising out of this Agreement.

13. **Counterparts**. This Agreement may be executed by the Parties in one or more counterparts, including faxed, scanned or emailed copies. All such fully-executed counterparts shall be treated as originals of this Agreement.

**Please read this Agreement carefully, it contains a RELEASE of all known and unknown claims.**

**Agreed and accepted:**

**Rollit Motors, Inc.**                                      **Steven Meraz**

By: [signature]

                                                             _____
                                                             Sign

Its: President

                                                             _____
                                                             Print Name

Date: 11-10-17                                               Date: _____

**Michael Kilmer, Individually**

[signature]
Sign

Michael D. Kilmer
Print Name

Date: 11-10-17